UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE DONELL WHITE,

        Plaintiff,

v.                                      CASE NO. 4:06-cv-12225
                                      HONORABLE PAUL V. GADOLA

SANDRA PAETZ,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

**I. Introduction**

    Plaintiff Terrance Donell White, a state prisoner at Riverside Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983. Defendant Sandra Paetz is employed by the Saginaw Police Department in Saginaw, Michigan.

    The complaint makes the following allegations. On May 1, 2005, Plaintiff, already on parole, was arrested and detained in the Saginaw County Jail for fleeing and for possessing ammunition. On the following day, Defendant turned on a tape recorder and read Plaintiff's constitutional rights to him. When Plaintiff requested an attorney, Defendant allegedly turned off the recorder and said, "You do not need an attorney because if you speak with me regarding a shooting, and pass a line-up, I will drop the charges against you." Plaintiff agreed to speak with Defendant without being recorded and denied knowing anything about a shooting.

    On May 3, 2005, Plaintiff passed a line-up and, as promised, the original charges against him

were dropped. However, Plaintiff was subsequently charged with violating the terms of his parole. He was sent back to prison, and on June 10, 2005, criminal charges were reissued against him. Statements that Plaintiff made to Defendant after requesting an attorney were submitted to the Parole Board and to the prosecutor as evidence against Plaintiff. As a result, Plaintiff felt compelled to plead guilty to the charges.

Plaintiff contends that Defendant fabricated the statements which were used against him and also improperly denied Plaintiff's allegation that he requested an attorney. He claims that he suffered anxiety, stress, and oppressive incarceration as a result of Defendant's conduct.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous and fails to state a claim because it attacks Plaintiff's present incarceration. A civil rights action is not a proper remedy for a state prisoner who is making

a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A plaintiff generally has no cause of action under § 1983 for allegedly unconstitutional imprisonment unless the decision to hold him in custody is invalidated by state officials or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole revocation proceedings). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Success in this action would undermine the criminal charges brought against Plaintiff and possibly the parole revocation proceedings, as well as, Plaintiff's present incarceration. Consequently, his complaint is barred by *Heck* and related Supreme Court cases.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law.

Accordingly, **IT IS ORDERED AND ADJUDGED** that the complaint is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous as well and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

Dated:   June 13, 2006                                 s/Paul V. Gadola
                                                                     HONORABLE PAUL V. GADOLA
                                                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   June 13, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                                ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Terrance White                          .

                                                                     s/Ruth A. Brissaud
                                                                     Ruth A. Brissaud, Case Manager
                                                                     (810) 341-7845